UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER and KLAMATH FOREST ALLIANCE, <br><br>          Plaintiffs - Appellants, <br><br> v. <br><br> PATRICIA GRANTHAM, Forest Supervisor, Klamath National Forest; et al., <br><br>          Defendants - Appellees. | No. 13-16186 <br><br> D.C. No. 2:11-cv-01647-MCE-CMK <br> Eastern District of California, Sacramento <br><br><br> ORDER |

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

The panel has voted to deny appellant's petition for panel rehearing.

The panel has voted to amend the memorandum disposition. The amended

memorandum disposition is attached hereto.

The petition for panel rehearing is DENIED. No future petitions will be

entertained.



FILED

MAR 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER; KLAMATH FOREST ALLIANCE, | No. 13-16186 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-01647-MCE-CMK |
| v. | |
| PATRICIA GRANTHAM, Forest Supervisor, Klamath National Forest; TOM MUTZ, District Ranger, Happy Camp/Camp Knoll Ranger District, Klamath National Forest; UNITED STATES FOREST SERVICE, | AMENDED MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted November 2, 2015
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pursuant to its obligations under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the Klamath National Forest ("the KNF" or "the Forest") prepared an Environmental Assessment ("EA") as part of a project reauthorizing cattle grazing on certain federal lands. The Forest subsequently concluded that it was not required to prepare an Environmental Impact Statement ("EIS") and issued a Decision Notice and Finding of No Significant Impact. Plaintiffs Klamath Siskiyou Wildlands Center and Klamath Forest Alliance (collectively "KS Wild") brought suit alleging that the KNF's actions violated NEPA and the National Forest Management Act ("NFMA"). The district court granted summary judgment to the KNF and awarded costs.

"Because NFMA and NEPA do not provide a private cause of action to enforce their provisions, agency decisions allegedly violating NFMA and NEPA are reviewed under the Administrative Procedure Act ('APA')." *Native Ecosys. Council v. U.S. Forest Serv.*, 428 F.3d 1233, 1238 (9th Cir. 2005). This Court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

1. The district court erred in granting summary judgment on KS Wild's NEPA claims. Under NEPA's implementing regulations, in preparing an EA an agency is required to "[b]riefly provide sufficient evidence and analysis for

2

determining whether to prepare an environmental impact statement or a finding of no significant impact." 40 C.F.R. § 1508.9(a)(1).

In this case, the KNF identified a single "significant issue" associated with the grazing project: cattle drifting outside of their designated allotment into the adjacent Rogue River Siskiyou National Forest ("RRSNF"). But while the EA explained that the KNF's proposed action was supposed to result in little to no cattle drift within a few years of implementation, it provided essentially no information about the environmental impact of the drifting cattle in the RRSNF in the past or during the period covered by the proposed action. Given this omission, we cannot say that the KNF took the "'hard look' at the potential environmental consequences of the proposed action" required by NEPA. *Klamath-Siskiyou Wildlands Ctr. v. Bureau of Land Mgmt.*, 387 F.3d 989, 993 (9th Cir. 2004) (quoting *Churchill Cnty. v. Norton*, 276 F.3d 1060, 1072 (9th Cir. 2001)).

The Forest argues that there is no available quantitative evidence of the impact of drifting cattle on the RRSNF. But that is exactly the point—the purpose of the EA is to require the agency to seek or develop evidence to determine whether there is likely to be a significant environmental impact from the project. Nor can the RRSNF's failure to provide the relevant evidence excuse the KNF's omission; under NEPA, the agency preparing the EA must demonstrate that its

3

proposed action will not have a significant environmental impact. Moreover, while the KNF lacked *quantitative* evidence of the past or likely future impact of drifting cattle, the record was replete with anecdotal and photographic evidence suggesting impact from drifting cattle, which should have been discussed.

We therefore reverse the judgment of the district court and require the KNF to prepare a new EA or to prepare an EIS, as it deems appropriate. On remand, the KNF must develop sufficient evidence to determine the likely environmental impact of its plan and discuss the available evidence of the impact of drifting cattle—considered alone and cumulatively with other actions, such as grazing by RRSNF cattle—on the RRSNF and its unique ecological characteristics. We do not, however, require the KNF to produce an EIS unless it determines cattle drift likely will have a significant impact on the environment.[1]

2. The district court properly granted summary judgment to the KNF on KS Wild's NFMA claim. The KNF adequately explained the reasoning behind

---

[1] On the current record, we reject KS Wild's final argument on the purported "highly controversial" effects, 40 C.F.R. § 1508.27(b)(4), of the Oak Knoll Project. The RRSNF has not registered any serious objection to the EA and has, in fact, collaborated extensively with the KNF to address cattle drift. Any disagreement about the seriousness of the drift problem falls short of the sort of conflicts this court has held to be "highly controversial." *See, e.g.*, *Sierra Club v. Bosworth*, 510 F.3d 1016, 1031 (9th Cir. 2007); *Sierra Club v. U.S. Forest Serv.*, 843 F.3d 1190, 1193 (9th Cir. 1988). The possibility remains, of course, that the Project's as-yet-undetermined effects in the RRSNF may ultimately prove "highly controversial."

authorizing grazing on some land not designated as "suitable" for grazing. Its decision, moreover, was based on a reasonable interpretation of the governing Forest Plan. Where, as here, an interpretation of the Forest Plan "is neither plainly erroneous nor inconsistent with the regulation, it is accorded substantial deference." *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1099 (9th Cir. 2003).

3. Because we reverse the district court's grant of summary judgment to the KNF on the NEPA claim, its order taxing costs against KS Wild must be reversed as well.

4. Because the Federal Land Policy and Management Act provides that expired grazing permits are to remain in effect under the same terms and conditions "until the date on which the Secretary concerned completes any environmental analysis and documentation for the permit or lease required under" NEPA, 43 U.S.C. § 1752(c)(2), the effect of vacating the KNF's Decision Notice would be the reinstatement of earlier permits on terms less protective of Forest resources. We therefore conclude that this case presents one of the "rare circumstances" in which "we deem it advisable that the agency action remain in force until the action can be reconsidered or replaced." *Humane Soc'y of U.S. v.*

5

*Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010). The KNF's Decision Notice will remain in effect while the Forest discharges its obligations under NEPA.

**REVERSED** and **REMANDED.**